UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

TYLER MULLER, for himself and on
behalf of those similarly situated,

    Plaintiffs,

v.                                                      CASE NO.:

PIZZA CONNECTION, INC.,
a Florida Profit Corporation,
d/b/a Josie's Ristorante, and
SEBASTIAN SETTICASI, Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TYLER MULLER, ("Plaintiff"), for himself and on behalf of those similarly situated, by and through undersigned counsel, file this Complaint against Defendant, PIZZA CONNECTION, INC., a Florida Profit Corporation, d/b/a Josie's Ristorante ("Josie's"), and SEBASTIAN SETTICASI, Individually ("Setticasi"), (collectively "Defendants"), and in support thereof states as follows:

### JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §201, et seq., hereinafter called the "FLSA," to recover unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3.    This Court has supplemental jurisdiction over Plaintiff's breach of

1

contract and unjust enrichment claims pursuant to 28 U.S.C. §1367(a) because Plaintiff's breach of contract and unjust enrichment claim form a part of the same case or controversy and arise out of a common nucleus of operative facts as his overtime claim.

4. Venue is proper in this Court because Plaintiff resides within the District, Defendants maintain business operations within the District, and Plaintiff's claims accrued in this District.

## PARTIES

5. At all times material hereto, Plaintiff was, and continues to be, a resident of Palm Beach County, Florida.

6. At all times material hereto, Josie's was a Florida Profit Corporation with its principal office in Palm Beach County, Florida.

7. Based on information and belief, at all times material hereto, Defendant Setticasi was, and continues to be, a resident of Palm Beach County, Florida.

8. Based on information and belief, at all times material hereto, Defendant Setticasi managed and operated Josie's.

9. At all times material hereto, Defendant Setticasi regularly held and exercised the authority to: (a) hire and fire employees of Josie's; (b) determine the work schedules for the employees of Josie's; and (c) control the finances and operations of Josie's.

10. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of Josie's; (b) determine the work schedules for the employees of Josie's; and (c) control the finances and operations of Josie's, Defendant Setticasi is an employer as defined by 29 U.S.C. 201 *et. seq.*

2

11. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

12. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

13. At all times material to this action, Defendant Josie's was, and continues to be an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendant Josie's was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times material to this action, Defendant Josie's had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as cash registers, telephones, plates, kitchen equipment, and imported beer and wine, which were used directly in furtherance of Defendants' commercial activity of running a restaurant.

16. At all times material hereto, the work performed by the Plaintiff was directly essential to Defendants' business.

## STATEMENT OF FACTS

17. On or about March 2020, Defendants hired Plaintiff to work as a non-exempt hourly paid "Pizza Maker," preparing food in Defendants' kitchen. Plaintiff worked in this position through March 2023.

18. In early 2021, Plaintiff was offered a position with another restaurant

3

with a rate of $23.00 per hour.

19. Defendants agreed to match this offer to ensure Plaintiff continued his employment at their restaurant.

20. In 2021, Defendants promised Plaintiff a rate of $23 per hour.

21. Based on Defendants' promise, Plaintiff agreed to continue to perform work for Defendants.

22. Subsequent to Parties' agreement that Plaintiff would be paid $23 per hour, Defendants paid Plaintiff less than his promised hourly rate.

23. Specifically, immediately after promising the raise to $23 per hour, Defendants paid Plaintiff $17/per hour, and gave him raises until his rate increased to $19/per hour.

24. Defendants did not pay Plaintiff his promised $23 per hour rate until his last paycheck.

25. Moreover, Plaintiff routinely worked for Defendants in excess of forty (40) hours within a workweek.

26. Defendants were aware that Plaintiff performed over forty hours of work in most workweeks, but paid Plaintiff the same hourly rate for all hours, with no overtime premiums.

27. Defendants failed to properly compensate Plaintiff the proper rate of one and one-half times Plaintiff's regular rate for his hours over forty (40).

28. Defendants manipulated Plaintiff's pay records in order to make it appear as though Plaintiff was being paid overtime.

29. Specifically, Defendants recorded an hourly rate of $11 per hour on

Plaintiff's paystubs, and purported to pay an "overtime" rate of $16.50. However, Plaintiff was given a varying "bonus" payment each week which had the effect of making Plaintiff's regular rate (total pay/total hours) equal a higher hourly pay, with no overtime premiums. This actual regular rate steadily increased from $14 at the inception of Plaintiff's employment, to $23 at the end of Plaintiff's employment.

30. For example, for pay date April 4, 2021, Defendants purported to pay Plaintiff $11/per hour for 40 hours, $16.50 for 15.37 overtime hours, and a "bonus" of $247.62. The total compensation, $941.29, divided by 55.37 hours, equals a rate of $17/per hour.

31. As another example, for pay date April 14, 2021, Defendants purported to pay Plaintiff $11/per hour for 40 hours, $16.50 for 17.3 overtime hours, and a "bonus" of $248.65. The total compensation, $974.10, divided by 57.3 hours, equals a rate of $17/per hour.

32. As another example, for pay date April 21, 2021, Defendants purported to pay Plaintiff $11/per hour for 40 hours, $16.50 for 22.27 overtime hours, and a "bonus" of $251.13. The total compensation, $1,058.59, divided by 62.27 hours, equals a rate of $17/per hour.

33. From approximately July 2020 and continuing through March 2023, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

34. In addition, from May 2021 through March 2023, Defendants paid Plaintiff at the wrong regular rate, further denying him overtime premiums on additional compensation owed to him during that time.

35. Plaintiff worked overtime in almost every week between July 2020 and March 2023 weeks.

36. Pursuant to the FLSA's implementing regulations, Plaintiff must be paid his full regular rate of pay, in addition to the overtime premiums owed thereupon, in order to receive his overtime compensation "free and clear" as required by the FLSA.

37. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of (40) hours per week as required by the FLSA.

38. Defendants have violated Title 29 U.S.C. §207 from at least July 2020 and continuing through at least March 2023, in that:

   a. Plaintiff worked in excess of forty (40) hours in one or more weeks for the period of his employment with Defendants; and

   b. Defendants have failed to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA.

39. Plaintiff's fellow kitchen workers, whose jobs also were to prepare food in Defendants' kitchen, also worked overtime hours in one or more workweeks in the three years preceding the date of this complaint for which they were not paid at a rate of time and one half of their regular rate of pay.

40. Defendants failed to pay proper overtime premiums to Plaintiff's fellow kitchen workers through application of the same policies and practices applicable to Plaintiff and described herein. Specifically, as to those fellow kitchen employees, as well,

6

Defendants recorded artificially low hourly rates in their paychecks, to make it appear as though overtime was being paid, using a purported "bonus" in each week's payment to make the total pay cover a higher regular rate, without any overtime premiums being paid in reality.

41. Defendants' failure and/or refusal to properly compensate Plaintiff and those similarly situated at the rates and amounts required by the FLSA was willful, as Defendants knew, or with reasonable diligence should have known, that Plaintiff and his fellow kitchen employees are entitled to overtime compensation for their overtime hours, and made a conscious decision not to pay overtime premiums for that time, evidenced by the scheme to list a false low rate on the paystubs, list "overtime" payments on those false low rates, and then add bonuses, such that no hours were actually paid at an overtime rate, but the check stubs nonetheless gave the appearance of overtime payments.

42. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

43. Plaintiff performed work for Defendants based on Defendants' promise of an hourly rate of $23/per hour.

44. Defendants benefitted from Plaintiff's work performed at a unilaterally lowered rate of pay.

45. It would be unjust to permit Defendants to retain the value and benefit of Plaintiff's work without compensating him at his promised rate.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

46. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42 above.

7

47. From at least July 2020, and continuing through May 2021, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times his regular rate of pay of $14/per hour.

48. From at least July 2020, and continuing through March 2023, Plaintiff is entitled to be paid one and one-half times his agreed regular rate for overtime hours.

49. In the three years preceding the date of this Complaint, those similarly situated to Plaintiff are entitled to be paid one and one half times their agreed regular rates of pay for their overtime hours.

50. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times their agreed regular rates of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or with reasonable diligence should have known, such was, and is due.

51. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

52. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

53. Plaintiff seeks certification of this action as a collective action; an order permitting notice of this action to those kitchen employees whose jobs were to prepare food in Defendants' kitchen, who worked for Defendants in the three years preceding the date of this Complaint; overtime premiums owed; liquidated damages; applicable

pre-judgment interest if liquidated damages are not awarded; reasonable attorneys' fees and costs; and any other such relief deemed proper by this Court.

## COUNT II
## BREACH OF CONTRACT

54. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-12, 17-24, and 43-45 above.

55. In 2021, Defendants agreed to pay Plaintiff $23.00 per hour for his work.

56. Plaintiff agreed to these terms and conditions of employment.

57. Plaintiff turned down a position at another job that would ensure him an amount of $23/per hour, due to Defendants' promise to match that number.

58. Plaintiff continued his work for Defendants, fulfilling his duties under the agreement.

59. Defendants failed to pay Plaintiff his promised wages for each week that he worked, between approximately May 2021 and March 2023.

60. Defendants' failure to pay constitutes a material breach of the Parties' agreement.

61. Plaintiff was damaged by Defendants' breach, in that he has not been paid the owed compensation for his labor.

62. Plaintiff seeks to recover his damages as a result of the breach.

63. The amounts owed are wages within the meaning of the Fla Stat. §448.08.

64. Plaintiff is entitled to recover his reasonable attorneys' fees and costs pursuant to Fla Stat. §448.08.

65. Plaintiff seeks recovery of the promised $23 per hour; all pre and post judgment interest; reasonable attorneys' fees and costs; and all other appropriate relief as determined by the court.

66. Plaintiff does not seek double recovery, and seeks to offset these amounts by any damages as awarded pursuant to his FLSA claim, to the extent recovery of the $23 per hour rate for non-overtime hours is considered recoverable under the FLSA.

## COUNT III
## UNJUST ENRICHMENT
## (in the alternative)

67. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-12, 17-24, and 43-45 above.

68. Plaintiff conferred benefits on Defendants by performing hundreds of hours of work on Defendants' behalf with the understanding that Defendants would pay $23 per hour for this work.

69. Plaintiff turned down a different job prospect because Defendants made him the promise of $23 per hour.

70. Defendants failed to pay the agreed rate.

71. Defendants retained the value and benefit of hundreds of hours of Plaintiff's work done on its behalf.

72. It would be unjust to allow Defendants to retain the value of Plaintiff's work without compensating him for same at the agreed rate.

73. Plaintiff's unjust enrichment claim seeks to recover amounts that should have been paid by Defendants to Plaintiff as wages.

74. As such, the amount Plaintiff seeks to have reimbursed also constitute wages under Fl. Stat. § 448.08.

75. Plaintiff is entitled to recover his reasonable attorneys' fees and costs under Fla. Stat. §448.08.

76. Plaintiff seeks recovery of all value conferred on Defendants by his work, including his $23/hr hourly wage; pre and post judgment interest; reasonable attorneys' fees and costs; and any other relief deemed proper by the court.

77. Plaintiff does not seek double recovery, and seeks to offset these amounts by any damages awarded pursuant to his FLSA claim to the extent that recover for regular hours is considered recoverable as part of the FLSA claim.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right.

Dated this 8th day of June, 2023.

Respectfully submitted,

Angeli Murthy, Esquire, B.C.S
FL Bar No.: 0088758
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*