UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IVAN BAUTISTA MOYA, for himself and on
behalf of those similarly situated,

    Plaintiff,

v.                                                   CASE NO.: 9:23-cv-80891-WM

PIZZA CONNECTION, INC.,
a Florida Profit Corporation,
d/b/a Josie's Ristorante, and
SEBASTIAN SETTICASI, Individually,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT
AND TO DISMISS WITH PREJUDICE**

Plaintiff, Ivan Bautista Moya ("Moya" or "Plaintiff") by and through undersigned counsel, hereby files this Motion for Approval of the Settlement Agreement between Defendants and Moya, and in support thereof states as follows:

1.    On June 08, 2023, Tyler Muller ("Muller") filed his complaint under the Fair Labor Standards Act ("FLSA") and for Breach of Contract, in which Muller alleged he was not properly paid his overtime wages and was paid less than his promised regular rate. *See* D.E.01.

2.    On June 12, 2023, Moya filed his Consent to Join as Party Plaintiff. *See* D.E.05.

3.    On July 5, 2023, Muller filed his Motion for Settlement Approval as to the claim between Muller and Defendants. *See* D.E.09.

4.    On August 25, 2023, Muller filed his Unopposed Motion for Substitution/Addition of Named Plaintiff. Muller sought to substitute or add Moya as the named plaintiff in this matter,

to ensure that when the Muller Settlement is approved and Muller's claims are dismissed, Moya may continue to pursue his claim. *See* D.E.21.

5. On September 5, 2023, this Court granted Muller's Unopposed Motion for Substitution/Addition of Named Plaintiff. *See* D.E.24.

6. On September 5, 2023, this Court granted Muller's Motion for Approval of Settlement and Approving Settlement. *See* D.E.25.

7. On October 3, 2023, Parties filed their Joint Stipulation of Dismissal with Prejudice as to Plaintiff, Tyler Muller, Individually. *See* D.E.28.

8. On October 3, 2023, Muller and Moya filed their Notice of Settlement as to the claim between Moya and Defendants. *See* D.E.29.

9. On October 3, 2023, this Court scheduled a Fairness Hearing to take place October 25, 2023. *See* D.E. 30.

10. Defendants have agreed to resolve this case for Moya for the amounts stated in the Settlement Agreement to minimize accumulation of additional costs and fees defending this matter. Likewise, Moya accepted a compromise of the total amount initially claimed, in order to secure a swift resolution in this matter, and to avoid the uncertainties of litigation. Moya's counsel and Defendants' counsel engaged in a fulsome exchange of documents and information, and the Parties were able to finalize a Settlement Agreement as to all of Moya's claims against Defendants. As required, this Settlement Agreement is being submitted for *in camera* review to Judge Matthewman.

11. The Settlement Agreement was negotiated at arms' length, and brings benefit to both sides. Each was well-informed of potential benefits and risks of continuing litigation, and elected to enter into the Settlement Agreement.

12. In accordance with the Eleventh Circuit precedent *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and the Local Rules of this Court, Moya requests that the Court approve Parties' Agreement.

13. In support of this Motion, the Moya respectfully requests that: (a) the settlement of this matter is fair and reasonable, particularly in light of the fact that the entirety of Moya's claim accrued more than two years prior to Moya's consent to join was filed in this matter, meaning that he could only recover at all if he proved a "willful" violation of the FLSA; and (b) the attorneys' fees to be paid by Defendants to resolve Moya's claim for fees under the FLSA, are fair and reasonable, were negotiated separately from the amounts for Moya's underlying claims, and are less than the actual fees incurred in litigating Moya's claim.

## Memorandum of Law

### A. Approval of FLSA Settlement Agreement.

Pursuant to the law of this Circuit, judicial review and approval of this tentative settlement provides final and binding effect to an agreement to settle a compromise of a claim under the FLSA. *Lynn Food Stores, Inc. v. US. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn Food Stores*,

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them ... The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id* at 1352-53.

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable

3

compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the Parties' Agreement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Moya's success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-0rl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). There is a strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Here, the Parties jointly submit there has been sufficient exchange of information to allow counsel for Moya and Defendants to evaluate the Parties' claims and defenses and make recommendations to each party in agreeing upon the resolution of Moya's claims as set forth in their Agreement. After review of documents and information related to Moya's employment, and the potential damages if Moya prevailed, a compromise has been agreed upon with Moya receiving a sum acceptable to him in light of the risks associated with his claim, the time it would take to bring the case to resolution through litigation, and the value of the claim versus the time he would spend litigating same.

Moya has been advised that if he proceeds in this matter, he may prove all of the damages, or a jury may choose to credit the Defendants' position, and that he may receive a lesser or no recovery. In light of these hurdles and uncertainty, Moya agrees that amount he is receiving in the settlement constitutes a reasonable and informed compromise of his claims.

B. **<u>The Agreement Is Reasonable, Including The Attorneys' Fees to Be Paid.</u>**

Accordingly, in light of Defendants' agreement to pay Moya the total sum of set forth in the Agreement, the Parties stipulate that their Agreement is fair and reasonable. The Parties specifically discussed Moya's counsel's hours, rate, and costs, and arrived at the agreed amount based upon those discussions.

Importantly, throughout the entirety of the litigation in this case, Moya was represented by competent counsel with experience in labor and employment law and Defendants also have been represented by experienced counsel. The Parties further advise the Court that their settlement herein includes every term and condition of the Parties' settlement.

**WHEREFORE**, the Parties respectfully request that the Court approve the submitted Settlement Agreement as fair and reasonable, retain jurisdiction over this matter through the payment of the settlement amount, and enter an order dismissing the case with prejudice upon notice that the payment has been made.[1]

Respectfully Submitted this 16th day of October, 2023.

/s/ *Angeli Murthy*_____
Angeli Murthy, Esq., B.C.S.
Florida Bar No.: 088758
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: amurthy@forthepeople.com
*Attorney for Plaintiff*

---

[1] The Court may retain jurisdiction to ensure compliance with the terms of a settlement. *See, e.g., Patton* 2018 WL 1898110, at *2, *report and recommendation adopted*, 2018 WL 1875623 (S.D. Fla. Jan. 22, 2018) (approving FLSA settlement and retaining jurisdiction through payment of settlement sums).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of October, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send notification of such filing to all counsel of record.

*/s/ Angeli Murthy*
Angeli Murthy, Esq.