UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 23-cv-80891-Matthewman

TYLER MULLER, et al.,

    Plaintiffs,

v.

PIZZA CONNECTION, INC., et al.,

    Defendants.
_____/

FILED BY _SW_ D.C.
Oct 25, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL
OF SETTLEMENT AND TO DISMISS WITH PREJUDICE [DE 32], APPROVING
SETTLEMENT, AND DISMISSING ACTION WITH PREJUDICE**

    **THIS CAUSE** came before the Court upon Plaintiff Ivan Bautista Moya's Motion for Approval of Settlement and to Dismiss with Prejudice ("Motion for Approval") [DE 32], and upon the corresponding Settlement Agreement submitted for *in camera* review. In the Motion for Approval [DE 32], Plaintiff Moya represents that "the Parties respectfully request that the Court approve the submitted Settlement Agreement as fair and reasonable, retain jurisdiction over this matter through the payment of the settlement amount, and enter an order dismissing the case with prejudice upon notice that the payment has been made." [DE 32 at 5].

    The Court held a fairness hearing via Zoom video teleconference (VTC) on October 25, 2023, during which the Court heard from the parties' counsel regarding the fairness of the settlement of Plaintiff Moya's claim alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq. See* DEs 1, 5. All parties' counsel represented that the Settlement Agreement is fair and reasonable, and that Plaintiff Moya and Defendants are in agreement with the terms of the Settlement Agreement.

The Court has reviewed the Motion for Approval [DE 32], the Settlement Agreement, and the entire file in this case, has considered all of the factors outlined in *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and is otherwise fully advised in the premises. The Court finds that the settlement in this case represents a genuine compromise of a bona fide dispute, with Plaintiff Moya and Defendants represented by competent counsel. Plaintiff Moya is being paid an amount he believes he is owed well prior to the trial date. Plaintiff Moya and Defendants have agreed to settle due to reasonable strategic and financial considerations. The Court further finds that the settlement—including the attorney's fees and costs—reached by Plaintiff Moya and Defendants, represents a reasonable, arm's length compromise by both sides and is fair and reasonable.

Based on the foregoing, it is hereby **ORDERED and ADJUDGED** as follows:

1. The Court finds the settlement of Plaintiff Moya's FLSA claim to be fair and reasonable. The Court also finds that the Settlement Agreement (submitted for *in camera* review) meets the standard set forth in *Lynn's Food Stores, Inc.* Accordingly, the Motion for Approval [DE 32] is **GRANTED**.

2. Plaintiff Moya and Defendants' Settlement Agreement is **APPROVED**.

3. The Court retains jurisdiction for a period of ninety (90) days from the date of this Order to enforce the terms of Plaintiff Moya and Defendants' Settlement Agreement.

4. In light of the request that the Court dismiss this action with prejudice as it pertains to Plaintiff Moya, and in light of the "Joint Stipulation of Dismissal with Prejudice as to Plaintiff, Tyler Muller, Individually" [DE 28]—and the fact that the Court has already approved of the settlement agreement between Plaintiff Muller and Defendants—the above-styled action is **DISMISSED WITH PREJUDICE** in its entirety.

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 25th day of October, 2023.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge